IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Renee (COG) FEREBEE,       *

   Plaintiff,       *

   v.       *       Civil Action No. PX 16-2991

SALLY BEAUTY SUPPLY STORE,       *

   Defendants.       *

******

**MEMORANDUM OPINION AND ORDER**

Plaintiff Renee Ferebee ("Ferebee"), proceeding *pro se*, brings suit against Defendant Sally Beauty Supply ("Sally") for claims of "defamation of character, falsely accusation, punitive damages, tort, mental stress, discrimination and slander." ECF No. 1 at 2. According to the docket, service has not been perfected, and Plaintiff has not taken any further action to prosecute her case. For the following reasons, the Court dismisses the action.

Ferebee proceeds in forma pauperis and sought the assistance of the United States Marshal in effectuating service. ECF No. 2. Court resources, however, need not be expended where the Complaint utterly fails to state a claim. This is one such case.

Although Ferebee's Complaint is hard to decipher, it seems to allege that Ferebee was suspected of shoplifting at a Sally store, and the sales clerk asked to see the contents of Ferebee's purse. ECF No. 1. Ferebee obliged and nothing was found. Ferebee then complained to the store manager about the sales clerk. The manager was "very cooperate," according to the Complaint. *Id.* Based on this event, Ferebee filed this cause of action.

Because Ferebee proceeds *pro se*, the Court construes the Complaint liberally to ensure that potentially meritorious claims proceed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That

1

said, the Court cannot ignore a *pro se* plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). A court, when reviewing *pro se* complaints, must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (1985).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) properly is granted when the complaint does not include sufficient factual allegations to render the plaintiff's claims facially plausible or permit reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In assessing whether this is so, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the favor of the plaintiff. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court does not credit conclusory statements or a plaintiff's legal conclusions, even when the plaintiff purports them to be allegations of fact. *See Iqbal*, 556 U.S. at 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). From the facts averred, the Court must be able to infer "more than the mere possibility of misconduct"; the complaint must contain factual pleadings that show the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (quoting *Iqbal*, 556 U.S. at 678). The Court may consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P 10(c). The Court may also consider materials

attached to a motion to dismiss, so long as they are integral to the complaint and authentic. *Philips*, 572 F.3d at 180.

Ferebee has simply failed to state any claim upon which relief can be granted. The two possible claims, according to the Complaint, are for defamation or discrimination. Ferebee pleads neither sufficiently.

To state a defamation and claim, a non-public figure must plausibly aver: (1) the defendant made a defamatory statement to a third person, (2) the statement was false, (3) the defendant was legally at fault in making the statement, and (4) the plaintiff suffered harm. *Doe v. Salisbury Univ.*, 123 F. Supp.3d 748, 757 (D. Md. 2015). As to the first element, a plaintiff must plead with specificity each defamatory statement. *Id*. A plaintiff may not "baldly allege a broad course of conduct over a lengthy period of time and later sue on any act that occurred during that time." *Id*. at 757–58 (quoting *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 172 F.3d 862, 199989125, at *3 (4th Cir. 1999)).

The Complaint fails to allege any defamatory statements made to a third person. Rather, the Complaint states that the Sally sales clerk asked to look in Ferebee's purse. ECF No. 1 at 2. That request is not defamatory. The claim must be dismissed.

Similarly, the Court cannot discern on what grounds Plaintiff is claiming discrimination. The Complaint is deficient even as to the most basic of facts, such as to what protected class Plaintiff claims she belongs. *See, e.g.*, *Mathews v. Giant Food, Inc.*, 187 F. Supp. 2d 486, 488 (D. Md. 2002) (plaintiff must plead membership in a protected class). Plaintiff's discrimination claim also must be dismissed.

The remaining claims of "tort," "falsely accusation" "punitive damages" and slander are either not legally cognizable claims or fail for the same reasons. Accordingly, the Complaint must be dismissed.

Because Ferebee has failed to state a claim upon which relief can be granted, it is on this 21st day of March 2019, ORDERED that:

1. The Complaint is HEREBY DISMISSED; and

2. The Clerk is hereby directed to transmit a copy of this Memorandum Opinion and Order to Ferebee's last known address, and to CLOSE this case.

3/21/2019
Date

/S/
Paula Xinis
United States District Judge